IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

BRETT POINDEXTER, JESSICA
POINDEXTER, and ANGELA ZAK,

    Plaintiffs,

    *vs.*

AMCOL SYSTEMS, INC.,

    Defendant.

Case No.: 1:19-cv-00466

**COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiffs, BRETT POINDEXTER, JESSICA POINDEXTER, and ANGELA ZAK ("ZAK") against Defendant, AMCOL SYSTEMS, INC. ("AMCOL"), based on the following:

## I. PRELIMINARY STATEMENT

1. Plaintiffs bring this action for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

page **2** of **10**
Case 1:19-cv-00466-WCG   Filed 04/01/19   Page 2 of 10   Document 1

8. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000.

12. Plaintiffs seek such relief as is allowed under FDCPA including, without limitation, such actual damages as may be allowable on an individual basis, statutory damages, attorney fees and costs.

## II.  PARTIES

14. BRETT POINDEXTER is a natural person.

15. At all times relevant to this lawsuit, BRETT POINDEXTER was a citizen of, and resided in, the Cities of Oshkosh and Neenah, Winnebago County, Wisconsin.

16. JESSICA POINDEXTER is a natural person.

17. At all times relevant to this lawsuit, JESSICA POINDEXTER was a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

18. ZAK is a natural person.

19. At all times relevant to this lawsuit, ZAK was a citizen of, and resided in, the City of Neenah, Winnebago County, Wisconsin.

20. At all times relevant to the factual allegations of this Complaint, AMCOL was a for profit corporation existing pursuant to the laws of the State of South Carolina.

21. Plaintiffs are informed and believe, and on that basis allege, that AMCOL maintains its principal business address at 111 Lancewood Rd., City of Columbia, Richland County, South Carolina. AMCOL's registered agent for service in Wisconsin is Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, Wisconsin.

### III. JURISDICTION AND VENUE

22. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

23. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS RELATED TO BRETT POINDEXTER

24. AMCOL is a business, the principal purpose of which is the collection of defaulted consumer debts.

25. AMCOL regularly engages in the collection of defaulted consumer debts.

26. AMCOL regularly engages in the collection of defaulted consumer debts owed to others.

27. In attempting to collect debts, AMCOL uses the mails, telephone, the Internet,

and other instruments of interstate commerce.

28. AMCOL mailed, or caused to be mailed, a letter dated April 2, 2018 ("First Letter") to BRETT POINDEXTER.

29. The First Letter was AMCOL's first written communication to BRETT POINDEXTER attempting to collect the debt.

30. A true and correct copy of the First Letter is attached as *Exhibit A* except the undersigned has partially redacted it.

31. AMCOL mailed, or caused to be mailed, a letter dated September 5, 2018 ("Second Letter") to BRETT POINDEXTER.

32. A true and correct copy of the Second Letter is attached as *Exhibit B* except the undersigned has partially redacted it.

33. The First Letter and Second Letter alleged BRETT POINDEXTER had incurred and defaulted on a financial obligation (the "Brett Poindexter Debt") owed to Network Health Systems, Inc.

34. The alleged Brett Poindexter Debt arose out of one or more transactions in which money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely medical services.

35. On information and belief, sometime prior to April 2, 2018, the creditor of the Brett Poindexter Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to AMCOL for collection.

36. The First Letter stated the "Total Due" was $153.75.

37. The Second Letter stated the "Total Due" was $170.00.

### V. FACTS RELATED TO JESSICA POINDEXTER

38. AMCOL mailed, or caused to be mailed, a letter dated April 2, 2018 ("Jessica Poindexter Letter") to JESSICA POINDEXTER.

39. A true and correct copy of the Jessica Poindexter Letter is attached as *Exhibit C* except the undersigned has partially redacted it.

40. The Jessica Poindexter Letter alleged JESSICA POINDEXTER had incurred and defaulted on a financial obligation (the "Jessica Poindexter Debt") owed to Network Health Systems, Inc.

41. The alleged Jessica Poindexter Debt arose out of one or more transactions in which money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely medical services.

42. The Jessica Poindexter Letter was AMCOL's first written communication to JESSICA POINDEXTER attempting to collect the Jessica Poindexter Debt.

43. On information and belief, sometime prior to April 2, 2018, the creditor of the Jessica Poindexter Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to AMCOL for collection.

44. The Jessica Poindexter Letter stated the "Total Due" was $187.02.

## VI. FACTS RELATED TO ANGELA ZAK

45. AMCOL mailed or caused to be mailed a letter dated September 6, 2018 (the "Zak Letter") to ZAK.

46. A true and correct copy of the Zak Letter is attached as *Exhibit D*, except the undersigned counsel has partially redacted it.

47. The Zak Letter alleged ZAK had incurred and defaulted on a financial obligation ("Zak Debt") owed to Network Health Systems, Inc.

48. The alleged Zak Debt arose out of one or more transactions in which money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely medical services.

49. The Zak Letter was AMCOL's first written communication to ZAK attempting to collect the Zak Debt.

50. On information and belief, sometime prior to September 6, 2018, the creditor of the Zak Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to AMCOL for collection.

51. The Zak Letter stated the "Total Due" was $126.05.

### VII. FACTS RELATED TO BRETT AND JESSICA POINDEXTER, AND ZAK

52. At all times relevant to this complaint, AMCOL and the creditor on whose behalf AMCOL was acting, retained the right as a matter of law to add interest[1] to the Brett Poindexter Debt, the Jessica Poindexter Debt, and the Zak Debt (collectively the "Debts").

53. The First Letter, Second Letter, Jessica Poindexter Letter, and the Zak Letter (collectively "Letters") did not contain any statement or otherwise give notice that the Debts had been, or would be, increasing due to accruing interest.

54. The failure to disclose interest was accruing is misleading to an unsophisticated consumer who would otherwise believe that the payment of the amount stated would satisfy the debt.

55. The Letters fail to state when, in what amount, or in what manner, interest will be added to the Debts.

---

[1] *See, Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) ("creditors of medical debts [in Wisconsin] may charge interest").

56. The Letters failure to give notice that the amount owed was increasing periodically due to accruing interest is materially false, deceptive, and misleading to an unsophisticated consumer.

57. The unsophisticated consumer, who often has more debts to pay than money to pay them, would consider the accrual of interest as a relevant factor when choosing which debt to pay.

58. The Letters deprived Plaintiffs of truthful, non-misleading information in connection with AMCOL's attempt to collect a debt.

## VII. CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

59. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

60. AMCOL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

61. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. *Exhibit B* is a "communication" as defined by 15 U.S.C. §1692a(2).

63. *Exhibit C* is a "communication" as defined by 15 U.S.C. §1692a(2).

64. *Exhibit D* is a "communication" as defined by 15 U.S.C. §1692a(2).

65. The Brett Poindexter Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

66. The Jessica Poindexter Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

67. The Zak Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

68. BRETT POINDEXTER is a "consumer" as defined by 15 U.S.C. § 1692a(3).

69. JESSICA POINDEXTER is a "consumer" as defined by 15 U.S.C. § 1692a(3).

70. ZAK is a "consumer" as defined by 15 U.S.C. § 1692a(3).

71. The use and mailing of *Exhibits A, B, C,* and *D* by AMCOL in an attempt to

collect the Debts violated the FDCPA in one or more of the following ways:

    (a)    Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. §1692e;

    (b)    Collecting a debt using an unfair means in violation of 15 U.S.C. §1692f; and,

    (c)    Failing to state the amount of the Debt in an unambiguous manner as required by 15 U.S.C. § 1692g(a)(1).

## VIII. PRAYER FOR RELIEF

72. WHEREFORE, Plaintiffs, BRETT POINDEXTER, JESSICA POINDEXTER, and ZAK, demand judgment against Defendant as follows:

    (a)    An award of statutory damages for Plaintiffs pursuant to 15 U.S.C. §1692k(a)(2)(A);

    (b)    Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

    (c)    An award of actual damages to Plaintiffs to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiffs; and,

    (d)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

73. Trial by jury is demanded on all issues so triable.

Dated: April 1, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiffs Brett Poindexter,*
*Jessica Poindexter, and Angela Zak*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com